IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GARRATT EUGENE ROYALTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-051 |
| | ) | |
| CHESTER V. HUFFMAN; JOHN H. BUSH; | ) | |
| CASSANDRA HAYNES; DR. RANDALL | ) | |
| WILLIAMS; KRYSTAL JOHNSON; and | ) | |
| HEATHER ASHLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently detained at the Burke County Jail ("the Jail") in Waynesboro, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

### I. SCREENING OF THE COMPLAINT

#### A. BACKGROUND

Plaintiff names the following as Defendants: (1) Chester V. Huffman, a Major at the Jail; (2) John H. Bush, a Major at the Jail; (3) Cassandra Haynes, a Captain at the Jail; (4) Randall Williams, a doctor at the Jail; (5) Krystal/Christy Johnson, a nurse at the Jail; and (6) Heather Ashley, a nurse at the Jail. (See doc. no. 1, pp. 1-3, 4.) Taking all of Plaintiff's

factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff is a pretrial detainee at the Jail who awoke on January 6, 2018, with a sharp pain in his back tooth. (Id. at 5.) Nurse Johnson saw him in the medical department on January 8, 2018, and gave him a seven-day supply of Tylenol, which eased the pain but did not address the underlying problem with his tooth, and his face began to swell.[1] (Id.) On January 15, 2018, Nurse Ashley prescribed a seven-day supply of Amoxicillin, but swelling persisted in his face and jaw. (Id.) Both nurses told Plaintiff he could only receive Tylenol for seven days per month, but they would put him on the list to see a dentist. (Id.)

By February 11, 2018, Plaintiff had not seen a dentist, but his ear had started hurting. (Id.) Plaintiff could hardly sleep from the pain, but Nurse Johnson only gave him a four-day supply of Tylenol. (Id.) By February 28, 2018, Plaintiff still had not seen the dentist, but he now had blood and puss draining from his ear. (Id.) Nurse Johnson told Plaintiff to put in a sick call slip and buy some Tylenol from the commissary. (Id.) Plaintiff continued to complain about his ear and reported ringing and loss of hearing in his ear. (Id. at 6.) On March 4, 2018, Nurse Ashley looked in Plaintiff's ear, told him it was infected but antibiotics should clear it up, and told him his ear drum was not ruptured. (Id.)

On March 9, 2018, Plaintiff saw Dr. Williams, who told Plaintiff he had a broken, infected tooth with an exposed root, and two other bad teeth. (Id.) However, Dr. Williams would only order a stronger antibiotic and would not send Plaintiff to the dentist because the broken tooth had to be cut out. (Id.) Dr. Williams also looked in Plaintiff's ear and said his

---

[1] Plaintiff alternately identifies Nurse Johnson as "Krystal" and "Christy." (See doc. no. 1, pp. 1, 3, 5.)

eardrum was ruptured, just days after Nurse Ashley told him the eardrum was not ruptured. (Id. at 6-7.) Plaintiff has offered to pay for going to the dentist, but as of the date of signing the complaint, he still had not been seen by the dentist. (Id. at 7.) Plaintiff is now "completely deaf" in his left ear. (Id.)

Plaintiff has written letters and grievances to Defendants Huffman, Bush, and Haynes, but they have not made sure that he is seen by a dentist, or done anything about Plaintiff's hearing. (Id. at 6-7.) Plaintiff seeks compensatory and punitive damages from each Defendant. (Id. at 7-8.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim against Defendants Huffman, Bush, and Haynes.

Defendants Huffman, Bush, and Haynes cannot be held liable for the acts of Defendants Williams, Johnson, and Ashley merely by virtue of their supervisory positions as Majors and a Captain at the Jail. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013).

Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendants Huffman, Bush, and Haynes liable, Plaintiff must demonstrate that either (1) they actually participated in the alleged constitutional violation, or (2) there is a causal connection between their actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff alleges he informed Defendant Huffman about the actions of the three medical Defendants via a grievance, and he wrote letters or messages to Defendants Bush and Haynes about his medical condition. Nowhere does Plaintiff allege Defendants Huffman, Bush, or Haynes were actually present for, or participated in, the medical treatment about which he complains.

Moreover, Plaintiff does not show that Defendants Huffman, Bush, or Haynes were directly involved with the medical treatment at issue simply by alleging they viewed a letter and / or a grievance Plaintiff wrote about his problem. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the

5

grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).[2]

Likewise, Plaintiff must allege a causal connection between the three supervisory Defendants and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491,

---

[2]To the extent Plaintiff may be attempting to hold Defendant Huffman liable for failing to properly process his grievance, such a claim fails. Under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011) (*per curiam*). Thus, any claim that Defendant Huffman mishandled Plaintiff's grievance or improperly denied a grievance fails to state a claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate.").

6

1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation. First, Plaintiff does not allege a widespread history of improper medical treatment at the Jail. Second, he does not allege Defendants Huffman, Bush, or Haynes had a custom or policy for allowing serious medical conditions to go untreated at the Jail. Third, Plaintiff does not allege the three supervisory Defendants directed the medical Defendants to take any particular action with respect to Plaintiff's treatment. In sum, Plaintiff has not shown Defendants Huffman, Bush, or Haynes actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted against these three Defendants.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Huffman, Bush, and Haynes be **DISMISSED** from this case because Plaintiff fails to state a claim against them upon which relief can be granted. By separate Order, the Court

7

directs service of process on Defendants Williams, Johnson, and Ashley based on Plaintiff's deliberate indifference claim.

SO REPORTED and RECOMMENDED this 22nd day of May, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA