IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GARRATT EUGENE ROYALTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-051 |
| | ) | |
| CHESTER V. HUFFMAN; JOHN H. BUSH; | ) | |
| CASSANDRA HAYNES; DR. RANDALL | ) | |
| WILLIAMS; KRYSTAL JOHNSON; and | ) | |
| HEATHER ASHLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, currently detained at the Burke County Jail ("the Jail") in Waynesboro, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. SCREENING OF THE COMPLAINT

Plaintiff names the following as Defendants: (1) Chester V. Huffman, a Major at the Jail; (2) John H. Bush, a Major at the Jail; (3) Cassandra Haynes, a Captain at the Jail; (4) Randall Williams, a doctor at the Jail; (5) Krystal/Christy Johnson, a nurse at the Jail; and (6) Heather Ashley, a nurse at the Jail. (See doc. no. 1, pp. 1-3, 4.) Taking all of Plaintiff's

factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff is a pretrial detainee at the Jail who awoke on January 6, 2018, with a sharp pain in his back tooth. (Id. at 5.) Nurse Johnson saw him in the medical department on January 8, 2018, and gave him a seven-day supply of Tylenol, which eased the pain but did not address the underlying problem with his tooth, and his face began to swell.[1] (Id.) On January 15, 2018, Nurse Ashley prescribed a seven-day supply of Amoxicillin, but swelling persisted in his face and jaw. (Id.) Both nurses told Plaintiff he could only receive Tylenol for seven days per month, but they would put him on the list to see a dentist. (Id.)

By February 11, 2018, Plaintiff had not seen a dentist, but his ear had started hurting. (Id.) Plaintiff could hardly sleep from the pain, but Nurse Johnson only gave him a four-day supply of Tylenol. (Id.) By February 28, 2018, Plaintiff still had not seen the dentist, but he now had blood and puss draining from his ear. (Id.) Nurse Johnson told Plaintiff to put in a sick call slip and buy some Tylenol from the commissary. (Id.) Plaintiff continued to complain about his ear and reported ringing and loss of hearing in his ear. (Id. at 6.) On March 4, 2018, Nurse Ashley looked in Plaintiff's ear, told him it was infected but antibiotics should clear it up, and told him his ear drum was not ruptured. (Id.)

On March 9, 2018, Plaintiff saw Dr. Williams, who told Plaintiff he had a broken, infected tooth with an exposed root, and two other bad teeth. (Id.) However, Dr. Williams

---

[1] Plaintiff alternately identifies Nurse Johnson as "Krystal" and "Christy." (See doc. no. 1, pp. 1, 3, 5.)

2

would only order a stronger antibiotic and would not send Plaintiff to the dentist because the broken tooth had to be cut out. (Id.) Dr. Williams also looked in Plaintiff's ear and said his eardrum was ruptured, just days after Nurse Ashley told him the eardrum was not ruptured. (Id. at 6-7.) Plaintiff has offered to pay for going to the dentist, but as of the date of signing the complaint, he still had not been seen by the dentist. (Id. at 7.) Plaintiff is now "completely deaf" in his left ear. (Id.)

Plaintiff has written letters and grievances to Defendants Huffman, Bush, and Haynes, but they have not made sure that he is seen by a dentist, or done anything about Plaintiff's hearing. (Id. at 6-7.) Plaintiff seeks compensatory and punitive damages from each Defendant. (Id. at 7-8.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff has arguably stated an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Williams, Johnson, and Ashley.[2] See Farmer v. Brennan, 511 U.S. 824, 834-39 (1994). Accordingly, process shall issue as to these three Defendants. In a companion Report and Recommendation, the Court recommends dismissal of Defendants Huffman, Bush, and Haynes.

---

[2] Although technically the Fourteenth Amendment Due Process Clause, rather than the prohibition on cruel and unusual punishment found in the Eighth Amendment, governs pretrial detainee claims, the nomenclature need not delay the Court because the standards are the same. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).

3

## II. INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendants Williams, Johnson, and Ashley.  The United States Marshal shall mail a copy of the complaint (doc. no. 1) and this Order by first-class mail and request that each Defendant waive formal service of the summons.  Fed. R. Civ. P. 4(d).  Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).  A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver.  Fed. R. Civ. P. 4(d)(3).  However, service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case.  Fed. R. Civ. P. 4(m).  Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate each Defendant to effect service.

**IT IS FURTHER ORDERED** Plaintiff shall serve upon the defendants, or upon their defense attorney(s) if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court.  Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendants or their counsel.  Fed. R. Civ. P. 5; Loc. R. 5.1.  Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number.  Fed. R. Civ. P. 10(a).  Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendants.  Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action.  Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.  The defendants shall ensure Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address.  Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution.  Fed. R. Civ. P. 41; Loc. R. 41.1.  If Plaintiff wishes to obtain facts and information about the case from the defendants, Plaintiff must initiate discovery.  <u>See generally</u> Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery).  Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants.  <u>See</u> Fed. R. Civ. P. 33.  Interrogatories shall not contain more than twenty-five questions.  <u>Id.</u>  Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party.  Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the

Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment

be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 22nd day of May, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA